Morton J.
afterward delivered the opinion of the Court. This case has been heard upon its merits ; and as we are of opinion that a certiorari, if ordered, could avail the petitioner nothing, the petition must be dismissed.
The petitioner makes two objections to the legality of the proceedings before the magistrate : —
First, that the petitioner, at the time of his enlistment into the company of light infantry, was and still is a minor.
Second, that the complainant, the clerk of the light infantry company, at the time of filing the complaint and of the trial, was also a minor.
The petitioner, when he enlisted into the light infantry com pany, was more than eighteen and less than twenty-one years old. He was liable to do military duty, and was regularly enlisted unless his minority constituted an insurmountable obstacle. He enlisted without the consent of his father.
The formation of volunteer companies is by compact. No individual can be compelled to join or do military duty in such company, without his consent. The liability of every member depends upon his own contract. But when the contract of enlistment is once made, it is binding for the term of seven years, and does not, in any measures, depend on the liabilitv *271 to military service. It can only be dissolved by the act of the commanding officer of the brigade, or by removal beyond its limits.
The principal subject for our consideration is the validity of the petitioner’s enlistment. He was not competent to contract generally. Did the statute regulating the militia vest that power in him in this particular case ? The age of maturity or full age is a matter of arbitrary regulation. It is different in different countries; and it is different for different purposes in the same country. A minor who cannot bind himself by express promise for the smallest sum of moneys may make the most important contract in the power of man to make. The legislature is competent to establish an earlier or later period, at which persons shall be deemed of full age for any or all purposes. And the highest power, indeed the source of all power, the people, have acted on this subject, and established, in the fundamental law of the state, that all who are holden to perform military duty shall have a right to vote in the election of all company officers. Constitution, 5th article of amendments.
In the case of Commonwealth v. Frost, 13 Mass. R. 491, it was said, £< the law having made eighteen years the age for military duty, necessarily gives the power, at that age, to enlist in any company which is a part of the militia.” The statute having fixed the age of eighteen as the age for military service, and the constitution having granted to all who perform such service a right to vote, we cannot doubt the correctness of the position above cited. This is only a choice in the mode in which the party will perform his military service. The parent’s consent is not required. It is not optional with him whether his son shall do military duty between eighteen and twenty-one. He cannot control the military service of bis son. He has no power of compelling him to perform this service in one company rather than another. He cannot make a contract of enlistment for his son, nor compel him to enlist. Grace v. Wilber, 10 Johns. R. 453; S. C. 12 Johns. R. 69. So his assent to, or dissent from the son’s enlistment, cannot affect its validity. We think that under our *272 militia laws for all purposes connected with the performance of military service, the age of maturity is eighteen.[1]
Whether the provision in the 28th section of St. 1809, c. 108, requiring parents, masters and guardians to furnish all minors under their care with the arms and equipments required by the act, extends to minors who have enlisted into volunteer corps, it is not necessary now to determine.
The view which xve have taken of the militia laws in the examination of the first objection, virtually settles the second.
We know no legal objection to the election of minors to be comm'ssioned officers of any rank. Such is well known to be the practice. The clerk and other non-commissioned officers pare appointed by the captain, and it would seem to be an absurdity to hold that the captain may be a minor, and yet that these subordinate officers selected by him must be of full age.
Besides, the process is more in the nature of a criminal prosecution than of a civil suit.[1] It will lie against an infant, who may answer personally as in case of indictment or other criminal proceeding, and may be prosecuted by an infant. If it be a civil suit, then the plaintiff’s infancy should have been pleaded in abatement. Blood v. Harrington, 8 Pick. 552 ; Schermerhorn v. Jenkins, 7 Johns. R. 373 ; if a criminal one, then the objection is unfounded.
The argument that the clerk, being a minor, cannot be holden to account, is not sound. If the statute has authorized a minor to hold the office of clerk and to prosecute for fines, it by necessary implication will render him liable for the fines when recovered ; and we do not perceive why he may not be liable to a court-martial for a breach of duty in refusing to account.[2]

Petition dismissed.

 See Commonwealth v. Downes, 24 Pick. 227.

 But see Belcher v. Johnson, 1 Metc. 150.

 It is competent for the legislature of a State to exempt persons from enrolment in the militia, designating them by their age, as for instance, persons under twenty-one, or over thirty years of age. 22 Pick. 571.